UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0387(1) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| MARVIN ORLANDO JOHNSON, | |
| Defendant. | |

Defendant Marvin Johnson pleaded guilty to (1) being a felon in possession of a firearm and (2) brandishing a firearm during and in relation to a crime of violence. The Court sentenced him to 264 months in prison and the United States Court of Appeals for the Eighth Circuit affirmed his sentence on direct appeal. ECF Nos. 81, 82.

This matter is before the Court on Johnson's motion for appointment of counsel to assist him in preparing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Specifically, Johnson states that he needs assistance in determining whether he is entitled to relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that 18 U.S.C. § 16(b), the residual clause in that statute's definition of "crime of violence," is unconstitutionally vague.

*Dimaya* is potentially relevant to Johnson for three reasons. First, the definition of "crime of violence" for his brandishing offense is materially identical to the definition in § 16(b). *See* 18 U.S.C. § 924(c)(3)(A). Second, the Court sentenced Johnson under the

Armed Career Criminal Act ("ACCA") because he has at least three prior "violent felonies," the definition of which is similar to that of "crime of violence" in § 16(b). And third, the Court also found Johnson to be a "career offender" under the United States Sentencing Guidelines because both his instant brandishing offense and two of his prior offenses qualify as "crimes of violence," which, again, has a similar definition under the Guidelines.

*Dimaya* is ultimately irrelevant to Johnson's case, however, because it concerned the residual clause of § 16(b). In contrast, all of Johnson's predicate offenses[1] qualify as either crimes of violence or violent felonies under a separate provision of their respective definitions—specifically, the "force" clause. *See Diaz v. United States*, 863 F.3d 781, 783 (2017) (holding that robbery under the Hobbs Act qualifies as a "crime of violence" under the "force" clause of § 924(c)(3)(A) and stating that the Supreme Court's anticipated *Dimaya* decision would not affect its analysis); *United States v. Pettis*, 888 F.3d 962, 963-66 (8th Cir. 2018) (Minnesota simple robbery qualifies as a violent felony under the ACCA's "force" clause); *United States v. Libby*, 880 F.3d 1011, 1015-16 (8th Cir. 2018) (both Minnesota simple robbery and Minnesota first-degree aggravated

---

[1] Johnson's "crime of violence" for his brandishing offense (and the instant "crime of violence" for the career-offender enhancement) is robbery under the Hobbs Act, 18 U.S.C. § 1951. His prior violent felonies/crimes of violence include Minnesota convictions for simple robbery, attempted second-degree aggravated robbery, and two first-degree aggravated robberies. *See* PSR ¶¶ 33, 35.

robbery qualify as violent felonies under the ACCA's "force" clause); *cf.* U.S.S.G. § 4B1.2(a)(1) (2015) ("force" clause in career-offender provision).

Because *Dimaya* is irrelevant to Johnson's case, his motion for appointment of counsel is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion for appointment of counsel [ECF No. 85] is DENIED.

Dated: May 24, 2018        s/Patrick J. Schiltz
                           Patrick J. Schiltz
                           United States District Judge