UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARVIN ORLANDO JOHNSON, | Case No. 14-CR-0387 (PJS/FLN) |
| | Case No. 18-CV-1880 (PJS) |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Marvin Orlando Johnson, pro se.

In June 2015, petitioner Marvin Johnson pleaded guilty to two charges: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and (2) brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 78 at 11-13, 20, 28. After finding that Johnson had three previous convictions for violent felonies for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Court sentenced Johnson to a total of 264 months' imprisonment—the mandatory minimum 15-year term for being a felon in possession plus the mandatory consecutive 7-year term for brandishing a firearm, ECF No. 71 at 2. The United States Court of Appeals for the Eighth Circuit affirmed Johnson's sentence on direct appeal. ECF No. 81 at 3.

This matter is before the Court on Johnson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF Nos. 87, 88, 92, 93, 94. Johnson argues

(as he did on direct appeal) that the Court erred in finding that he had committed three violent felonies and thus was subject to the 15-year mandatory minimum under the ACCA. Johnson also argues that his brandishing conviction must be vacated because the crime that he committed while brandishing a firearm—interference with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a)—is not a crime of violence for purposes of 18 U.S.C. § 924(c)(1)(A)(ii). Finally, Johnson argues that the Court applied an incorrect base offense level under the United States Sentencing Guidelines.

The Court has reviewed Johnson's motion and the record of prior proceedings in this case, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] Because the record conclusively demonstrates that Johnson is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).[2]

---

[1]In April 2019, Johnson moved to amend his § 2255 motion in light of the Supreme Court's recent decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019). The Court grants Johnson's motion to amend and will consider all of the arguments made by Johnson in both his original and amended § 2255 motions.

[2]Johnson was transferred to a new prison in October 2018. Johnson alleges that prison officials told him that the property room in his new prison was "anywhere from 10 months' [sic] to 1 year behind on issuing new arrivals' [sic] their property/legal materials." ECF No. 90 at 2. Johnson twice moved to stay these proceedings—first in November 2018 (ECF No. 90) and then again in February 2019 (ECF No. 91)—until he was given access to his legal materials. ECF Nos. 90, 91. Johnson apparently received access to his materials sometime thereafter, as in April 2019 he filed a motion for leave to amend his § 2255 motion (ECF No. 92), a motion to vacate his sentence (ECF No. 93),
(continued...)

# I. FELON IN POSSESSION

Johnson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The ACCA required that Johnson be sentenced to at least 15 years in prison if he had "three previous convictions by any court . . . for a violent felony . . . ." § 924(e)(1). The "force" or "elements" clause of the ACCA defines "violent felony" to include any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).

The Court found that four of Johnson's prior felony convictions under Minnesota law—one for simple robbery, one for attempted second-degree aggravated robbery, and two for first-degree aggravated robbery—were violent felonies under the force clause of the ACCA. ECF No. 79 at 6. On appeal, Johnson argued that neither his conviction for simple robbery nor his conviction for attempted second-degree aggravated robbery were violent felonies for purposes of the ACCA. The Eighth Circuit held that Johnson's attempted second-degree aggravated robbery conviction was a violent felony and that that conviction, together with the two first-degree aggravated robbery convictions, gave Johnson at least three predicate offenses. *United States v. Johnson*, 688 F. App'x 404 (8th

---

²(...continued)
and a 32-page memorandum in support of his motion to vacate (ECF No. 94), and those documents relied heavily upon (indeed, often duplicated) the documents that he filed in July 2018 (ECF Nos. 87, 88). The Court therefore denies Johnson's motions to stay.

Cir. 2017). The Eighth Circuit did not need to reach the question of whether Johnson's simple-robbery conviction was also a violent felony.

In his § 2255 motion, Johnson argues that his two first-degree aggravated robbery convictions are not violent felonies under the ACCA. But his argument is foreclosed by Eighth Circuit precedent. In *United States v. Libby*, the Eighth Circuit held that, because it is impossible to commit first-degree aggravated robbery in Minnesota without committing simple robbery, and because it is impossible to commit simple robbery in Minnesota without "the use, attempted use, or threatened use of physical force against the person of another," 880 F.3d 1011, 1015 (8th Cir. 2018), a defendant who has been convicted of first-degree aggravated robbery has been convicted of a violent felony under the force clause of the ACCA, *id.* at 1015-16.

Johnson argues, however, that *Libby* has been undermined by two subsequent Supreme Court decisions: *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Stokeling v. United States*, 139 S. Ct. 544 (2019). But neither decision casts doubt on *Libby*'s conclusion that first-degree aggravated robbery is a violent felony under the ACCA. In *Dimaya*, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 16 was unconstitutionally vague. 138 S. Ct. at 1210. That definition closely resembled the definition of "violent felony" in the residual clause of the ACCA—a definition that the Supreme Court had found unconstitutionally vague in

*Johnson v. United States*, 135 S. Ct. 2551 (2015). But the residual clause is irrelevant to Johnson's case. His first-degree aggravated robbery convictions are violent felonies under the *force* clause, not the *residual* clause, of the ACCA. And thus it is not surprising that, subsequent to *Dimaya*, the Eighth Circuit has continued to hold that first-degree aggravated robbery is a violent felony under the ACCA. *See, e.g.*, *Douglas v. United States*, 759 F. App'x 554, 555 (8th Cir. 2019) (affirming "the district court's conclusion that [a defendant's] two prior Minnesota convictions for first-degree aggravated robbery qualified as 'violent felon[ies]' for purposes of section 924(e)" (footnote omitted)); *United States v. Henderson*, 744 F. App'x 329, 330 (8th Cir. 2018) (holding that because first-degree aggravated robbery in Minnesota is a predicate offense under the ACCA, it is also a predicate offense under the career-offender provisions of the Sentencing Guidelines); *United States v. Perry*, 908 F.3d 1126, 1130-31 (8th Cir. 2018) (holding that first-degree aggravated robbery in Minnesota is a violent felony under the ACCA).[3]

*Stokeling* also does not help Johnson. This Court has recently explained at length why "[n]othing about the Supreme Court's decision in *Stokeling* calls . . . into question" the many cases in which the Eighth Circuit has held that, under Minnesota law, first-

---

[3]The Eighth Circuit has also held that the force clause of the ACCA is not unconstitutionally vague under *Dimaya* and *Johnson*. *See United States v. Pendleton*, 894 F.3d 978, 981-82 (8th Cir. 2018).

degree aggravated robbery and simple robbery are violent felonies for purposes of the ACCA. *United States v. Pettis*, No. 15-CR-0233 (PJS/FLN), 2019 WL 2177361, at *4 (D. Minn. May 20, 2019). The Court adopts its analysis here.

Finally, Johnson argues that treating his convictions for first-degree aggravated robbery as violent felonies for purposes of the ACCA violates his rights under the Fifth and Sixth Amendments. Johnson points out that, in *Libby*, the Eighth Circuit held that first-degree aggravated robbery under Minnesota law qualifies as a violent felony because (1) simple robbery is a lesser-included offense of first-degree aggravated robbery and (2) simple robbery is a violent felony. But, Johnson argues, the fact that someone who is convicted of simple robbery commits violence cannot be used against him because he was never charged with—or convicted of—simple robbery. In other words, as Johnson sees it, he is being punished for a crime (simple robbery) that he was never charged with or convicted of committing.

At bottom, Johnson is arguing that *Libby* was wrongly decided. Needless to say, this Court has no authority to overturn *Libby*. In any event, Johnson is incorrect about *Libby*. Johnson was charged with—and pleaded guilty to—first-degree aggravated robbery. He was thus charged with—and convicted of—committing each and every element of that crime. One of those elements was that he "committ[ed] a robbery[.]"

Minn Stat § 609.245, subd. 1.[4] Hence, when Johnson pleaded guilty to first-degree aggravated robbery, he admitted that he *had* committed simple robbery—a crime that, according to the Eighth Circuit,[5] necessarily involves "the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). Johnson is not being punished for an act that he was not charged with or convicted of committing.

For these reasons, the Court finds that Johnson was properly found to be an armed career criminal and thus subject to a 15-year mandatory-minimum sentence under the ACCA.

---

[4]Section 609.245, subd. 1 provides:

> Whoever, *while committing a robbery*, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree . . . .

(emphasis added).

[5]*See United States v. Pettis*, 888 F.3d 962, 966 (8th Cir. 2018) ("Thus, state caselaw supports a finding that Minnesota simple robbery requires violent force and qualifies as a predicate offense under the ACCA."); *Libby*, 880 F.3d at 1016 (holding that simple robbery is categorically a violent felony under the ACCA).

## II. BRANDISHING A FIREARM DURING AND
## IN RELATION TO A CRIME OF VIOLENCE

Johnson was convicted of brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). That crime of violence was Hobbs Act robbery in violation of 18 U.S.C. § 1951(a).[6]

Johnson argues that Hobbs Act robbery is not a "crime of violence" for purposes of § 924(c)(1)(A)(ii).[7] But the Eighth Circuit has held on multiple occasions that Hobbs Act robbery is indeed a crime of violence under the force clause of § 924(c)(3)(A) (which, as Johnson himself recognizes, is "materially identical" to the force clause of § 924(e)(2)(B)(i), ECF No. 94 at 5). *See, e.g., Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996).

---

[6]Section 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

[7]Johnson also contends that the indictment "affirmatively alleged conduct outside of the sweep of Section 924(c) and 924(e)." ECF No. 88 at 25. This contention is premised on Johnson's argument that Hobbs Act robbery is not a crime of violence for purposes of § 924(c)(1)(A)(ii). *Id.* at 23-25.

Johnson argues that a different result is demanded by *Dimaya*. Again, though, *Dimaya* is irrelevant, as Hobbs Act robbery has been held to be a crime of violence under the force clause, and *Dimaya* has nothing to do with the force clause. (The Eighth Circuit made this point in *Diaz*. 863 F.3d at 783.)

Johnson also seems to argue that a different result is demanded by *Stokeling*. Johnson does not explain why—and, in any event, the Eighth Circuit has continued to apply its precedents holding that Hobbs Act robbery is a crime of violence subsequent to the *Stokeling* decision. *See United States v. Conner*, 924 F.3d 464 (8th Cir. 2019). Johnson's challenge to his brandishing conviction is rejected.

## III. SENTENCING GUIDELINES

Finally, Johnson argues that the Court applied an incorrect base offense level under the Sentencing Guidelines. According to Johnson, the Court applied the base offense level provided in § 4B1.4(b)(3)(A). *See* ECF No. 88 at 21-23. Using this offense level was an error, Johnson argues, because the application notes instruct courts not to use the § 4B1.4(b)(3)(A) offense level when sentencing defendants in conjunction with a conviction under § 924(c). ECF No. 88 at 21-23.

Johnson's argument falls short for several reasons:

First, not all "claimed errors in conviction and sentencing" are cognizable in § 2255 habeas petitions. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The Eighth

Circuit has held that § 2255 does not provide relief for errors made in interpreting the Sentencing Guidelines as long as the defendant did not receive a sentence in excess of the statutory maximum. *See Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011) (en banc); *see also Meirovitz v. United States*, 688 F.3d 369, 371-72 (8th Cir. 2012). Johnson's sentence did not exceed the statutory maximum, and therefore he cannot use § 2255 to raise an alleged error in calculating his Guidelines range.

Second, even if the Court erred in calculating Johnson's Guidelines range, any such error would be harmless, as Johnson's 264-month sentence was the lowest sentence permitted by law. The Court was required by statute to impose a sentence of at least 180 months for the felon-in-possession conviction and a consecutive term of 84 months for the brandishing conviction. No matter what the Guidelines recommended, then, the Court could not have imposed a sentence below 264 months.

And finally, the Court did not err in applying the Guidelines. Johnson is simply mistaken in alleging that the Court used the base offense level provided in § 4B1.4(b)(3)(A). Johnson was an armed career criminal, and thus § 4B1.4(b) directed the Court to use the greatest of the following base offense levels: (1) the offense level applicable from Chapters Two and Three (§ 4B1.4(b)(1)); (2) the offense level from § 4B1.1 (the Career Offender provision) (§ 4B1.4(b)(2)); and (3) a base offense level of 34 if the defendant "used or possessed the firearm . . . in connection with . . . a crime of

violence" (§ 4B1.4(b)(3)(A)). In Johnson's case, the Court applied the Career Offender base offense level (37). The Court did *not* apply either the Chapter Two level (24) or the (b)(3)(A) level (34). PSR ¶¶ 24, 33.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion to amend his motion under 28 U.S.C. § 2255 [ECF No. 92] is GRANTED.

2. Petitioner's amended motion to vacate, set aside, or correct his sentence under 28 U.S.C § 2255 [ECF No. 93] is DENIED WITH PREJUDICE AND ON THE MERITS.

3. Petitioner's motions to stay the proceedings [ECF Nos. 90 and 91] are DENIED.

4. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 5, 2019            s/Patrick J. Schiltz  
                                                  Patrick J. Schiltz  
                                                  United States District Judge